# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MANUEL SOTO-HERRERA,<br>    Petitioner, | )<br>)<br>) |
| v. | )    CRIMINAL ACTION NO. 95-00079-KD<br>) |
| UNITED STATES OF AMERICA,<br>    Defendant. | )<br>) |

## ORDER

This matter is before the Court on the "Motion for Relief of Judgment Pursuant to F.R.Civ.P., Rule 60(b)" (Doc. 389) filed by Petitioner Manuel C. Soto-Herrera ("Soto-Herrera"), a federal prisoner proceeding *pro se*. Upon consideration, and for the reasons set forth herein, Soto-Herrera's motion is due to be **DISMISSED without prejudice**.

**I.**    **Background**

In 1995, a criminal complaint was filed against Soto-Herrera and he was subsequently indicted in a two-count indictment along with eight (8) codefendants. (Docs. 1, 12). The indictment charged Soto-Herrera and his codefendants with 1) conspiracy to import more than 100 kilograms of cocaine and 2) possession with intent to distribute more than 100 kilograms of cocaine. On August 2, 1995, a jury convicted Soto-Herrera of both counts (Doc. 127), and on November 21, 1995, he was sentenced to concurrent life sentences on each count (Doc. 165). Soto-Herrera appealed (Doc. 169) and on October 9, 1997, the Eleventh Circuit affirmed. (Doc. 288).

Soto-Herrera filed his first habeas petition on January 6, 1999 (Docs. 316-318), which the Court denied on January 3, 2000 (Doc. 368). Soto-Herrera appealed the denial (Doc. 371) and filed a motion for a Certificate of Appealability (Doc. 372), which the Court denied on February 14, 2000 (Doc. 373). On June 27, 2000, the Eleventh Circuit denied Soto-Herrera a Certificate

of Appealability because he had "failed to make a substantial showing of the denial of a constitutional right[]" under Section 2253(c)(2). (Docs. 382, 384). On July 5, 2001, the Eleventh Circuit denied Soto-Herrera's application for leave to file a second or successive § 2255 petition (Doc. 385).

On March 18, 2013, this case was assigned to the undersigned. On that date – and more than 13 years after the denial of his original habeas petition and approximately 11½ years after the Eleventh Circuit's denial of his appeal and application for a second or successive § 2255 petition -- Soto-Herrera filed the present motion (Doc. 389), purportedly pursuant to Rule 60(b), to vacate the January 3, 2000 judgment (Doc. 368) denying his § 2255 petition.

## II.     Discussion[1]

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." Williams v. Chatman, 510 F.3d 1290, 1293 (11th Cir. 2007) (per curiam). The Eleventh Circuit has explained this limited basis as follows:

> The Supreme Court explained in Gonzalez v. Crosby, 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that they are "not inconsistent with applicable federal statutory provisions," id. at 529, 125 S. Ct. at 2646 (quoting 28 U.S.C. § 2254 Rule 11) (internal marks omitted), and the Antiterrorism and Effective Death Penalty Act does not explicitly limit the operation of Rule 60(b). Id. The Act does, nonetheless, foreclose application of that rule where it would be inconsistent with the restrictions imposed on successive petitions by the AEDPA. Id. at 529-30, 125 S. Ct. at 2646.
>
> The Supreme Court held in Gonzalez that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." Id. at 532, 125 S. Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas

---

[1] In considering Soto-Herrera's motion, the Court is mindful that "*pro se* applications for post-conviction relief are to be liberally construed." United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997).

2

petition. Id.

Id. at 1293-94.[2]

"When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA." Id. at 1294. "To file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." Walker v. United States, 367 F. App'x 67, 68 (11th Cir. 2010) (per curiam) (citing 28 U.S.C. § 2244(b)(3)(A)). " 'Without authorization, the district court lacks jurisdiction to consider a second or successive petition.' " Id. (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).[3] As such, before it can address the merits of Soto-Herrera's Rule 60(b) motion, the Court must determine if it is in fact an unauthorized second habeas petition. "To determine whether a prisoner's *pro se* motion is a second or successive § 2255 motion," the Court should "examine the content of the filing and the relief sought." Id. A party's labeling of a motion is not binding on the Court, which may discard an inappropriate label to render a decision based on the motion's substance. Smith v. U.S. Parole Comm'n, 721 F.2d 346, 348 (11th Cir. 1983) (per curiam).

Soto-Herrera moves to vacate the Court's January 3, 2000 judgment denying his § 2255 petition under both Rule 60(b)(4) ("the judgment is void") and Rule 60(b)(6) ("for any other reason justifying relief"). (Doc. 389 at 3). He asserts "that he is NOT attacking the

---

[2] Though the Supreme Court in Gonzalez v. Crosby "explicitly limit[ed] its consideration to state prisoner cases[,]" the Eleventh Circuit has held "that the [Rule 60(b) ]standard announced in Gonzalez applies to federal prisoner cases as well." Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 1001 (2012).

[3] Moreover, "[w]here a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . . it also lacks jurisdiction to grant a C[ertificate of Appealability.]" Williams, 510 F.3d at 1294.

underlying conviction or sentence in this present motion, but rather the <u>integrity</u> of the §2255 proceedings, based on the Court's erroneous interpretation of the Strickland prongs as applied to his claim of ineffective assistance of counsel as to the sentencing exposure after a plea offer vs. going to trial which caused [Soto-Herrera to reject a favorable plea, and for failing to conduct an evidentiary hearing on the same issue where he presented assertions which were both outside the record and unrefuted by the Government which, if established, would have entitled Movant to the requested relief." (<u>Id.</u>).

More specifically, Soto-Herrera contends that in his first § 2255 proceeding, he claimed, *inter alia*, that he received deficient or defective advice from his trial attorney with regard to the Government's plea offer – namely, that his attorney told him that "while the plea was for 15 to 20 years imprisonment, after trial Movant 'would still only receive a sentence of around twenty (20) to twenty-five (25) years[.]" (<u>Id.</u> at 4, <u>see also</u> 13-15) After trial, Soto-Herrera received a "mandatory guideline life sentence." (<u>Id.</u> at 2). Soto-Herrera asserted that "absent counsel's deficient advice to accept the plea or proceed to trial and "the correct sentencing exposure as to both options" he would "never have exposed himself to a potential – much less mandatory – life sentence." (<u>Id.</u> at 4-5, <u>see also</u> 15).

The Government purportedly responded to this claim (hereinafter, the "plea advice claim") by "simply argu[ing] that [Soto-Herrera] was not entitled to relief because he offered no proof 'that he would have accepted the Government's plea offer absent his lawyer's alleged errors . . . And therefore he failed to establish prejudice." (<u>Id.</u> at 4, <u>see also</u> 17). In reply, Soto-Herrera "submitted an affidavit by a third party that was pertinent to the issue of counsel's defective advise [sic]" and again moved for an evidentiary hearing "because there were issues of facts that were in genuine dispute to resolve the controversy." (<u>Id.</u> at 4, <u>see also</u> 19-22).

4

Soto-Herrera contends that in its Order denying his petition, the Court incorrectly "concluded -without holding an evidentiary hearing- that [he] did not establish prejudice because 'he does not allege that but for his attorney's alleged errors, he would have accepted the plea offer [or] cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty'[.]" (Id. at 5, see also 24-25). He asserts that "[i]n failing to hold an evidentiary hearing, the integrity of [his] §2255 proceeding became defective, specifically where the allegations were not refuted by the government, and because his allegations were supported by the affidavit of Carlos M. Soto-Perez . . . Furthermore, the Court failed to consider the fact that the second, and harsher offer, was made to [his] attorney[,] because [Soto-Herrera] advised him of his desire to plead guilty." (Id. a 5).

Soto-Herrera closes his motion by requesting that the Court "interpret all the language and arguments set forth herein as attacking only the integrity of the habeas proceedings so that no language herein stated will take it outside the sphere of Rule 60(b)." (Id. at 11). However, after carefully examining Soto-Herrera's motion, the Court concludes that as a whole it constitutes a successive habeas petition, for which Soto-Herrera is required to obtain authorization from the Eleventh Circuit pursuant to § 2255(h) before this Court can consider it.

Soto-Herrera presents two arguments in his motion: 1) that the Court wrongly decided his plea advice claim, specifically by incorrectly applying the "prejudice" prong of the test announced in Strickland v. Washington, 466 U.S. 668 (1984), and 2) that the Court erred in denying him relief on that claim without first holding an evidentiary hearing. The first argument is plainly an attack on the Court's previous resolution of the plea advice claim on the merits, which constitutes a successive habeas claim under Gonzalez. See Williams, 510 F.3d at 1293-94.

5

The Court concludes that Soto-Herrera's second argument, regarding his entitlement to an evidentiary hearing, should also be classified as such. Section § 2255 states that an evidentiary hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" § 2255(b). Therefore, a determination of entitlement to an evidentiary hearing would also seem to necessitate a determination of the merits of a petitioner's claims, thus rendering an attack on the former an attack on the latter as well. See United States v. Woods, Crim. A. No. 07-00047-KD-C, 2010 WL 3724036, at *2 (S.D. Ala. Sept. 16, 2010) (DuBose, J.) (finding that unsuccessful habeas petitioner's Rule 60(b)(1) motion claiming, *inter alia*, a violation of due process in the Court's denial of an evidentiary hearing was in fact a successive habeas petition, as such "contentions lead inexorably to a merits-based attack on the Court's prior merits rulings concerning his Section 2255 motion.").

Neither the Supreme Court nor the Eleventh Circuit appears to have addressed this issue, thus providing no binding authority as to the Court's analysis. However, the Court finds persuasive on this issue the reasoning in In re Lindsey, 582 F.3d 1173 (10th Cir. 2009) (per curiam), and United States v. Washington, 653 F.3d 1057, 1064 (9th Cir. 2011), cert. denied, 132 S. Ct. 1609 (2012). The procedural background of Lindsey is similar to that in this action:

> In 2004, a jury convicted Mr. Lindsey of drug and firearms offenses, and this court affirmed. A year later, raising numerous claims for relief, Mr. Lindsey filed a motion under § 2255 to vacate, set aside, or correct his sentence. Concluding that Mr. Lindsey was not entitled to relief, the district court dismissed the § 2255 motion without requiring the United States to answer and without conducting an evidentiary hearing, a procedure permitted by § 2255(b) and Rule 4(b) of the Rules Governing § 2255 Proceedings. This court determined that Mr. Lindsey's appeal was untimely and dismissed the appeal without reaching the merits of his § 2255 claims.
>
> More than two years after the district court dismissed his § 2255 motion, Mr. Lindsey filed a Rule 60(b)(6) motion for relief from judgment. In his Rule 60(b) motion, he alleged that his § 2255 claims were deserving of an evidentiary hearing, and it was an error to dismiss the motion without holding such a hearing. He recognized that a

merits-based challenge requires this court's authorization as a second or successive § 2255 motion, but he characterized his arguments as procedural in nature, asserting they "deal [ ] primarily with some irregularity or procedural defect in the procurement of the judgment." Motion for Relief from Judgment, Dist. Ct. Doc. 219 at 2.

Noting that in the § 2255 proceeding it had "specifically found that defendant's § 2255 motion should be denied without an evidentiary hearing because the record 'conclusively shows that defendant is not entitled to relief on his claims,' " the district court held that Mr. Lindsey's Rule 60(b) claims were in reality an attack on the court's merits determination. Order of June 29, 2009, Dist. Ct. Doc. 220 at 3 (quoting Memorandum and Order of January 29, 2007, Dist. Ct. Doc. 190 at 23). Thus, the district court held the claims required authorization under § 2255(h) and transferred the motion to this court. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).[4] Mr. Lindsey then moved to remand the matter to the district court.

Lindsey, 582 F.3d at 1174 (most internal citations omitted).

The Tenth Circuit denied Lindsey's motion to remand, finding that his motion fell into "neither of [the] two categories of Rule 60(b) arguments that do not require [appellate] authorization under § 2255(h)" set forth in Gonzalez:

The first type of Rule 60(b) assertion that does not require authorization is one challenging a "procedural ruling ... *which precluded a merits determination*." [Spitznas v. Boone, 464 F.3d 1213,] 1216[-17 (10th Cir. 2006)] (emphasis added)[ (interpreting Gonzalez)]. While the decision whether or not to hold an evidentiary hearing may be classified as a procedural ruling, the district court's decision not to hold an evidentiary hearing did not preclude a merits determination on Mr. Lindsey's § 2255 motion; it was the *result* of a merits determination. Section 2255(b) contemplates an early dismissal of the motion only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Similarly, Rule 4(b) of Rules Governing § 2255 Proceedings provides, "[i]f it plainly appears from the motion, any

---

[4] An examination of Cline indicates that such a transfer was ordered pursuant to 28 U.S.C. § 1631. The Eleventh Circuit has noted that "[t]he Second, Sixth, and Tenth Circuits have held that § 1631 permits such transfers" of unauthorized successive habeas petitions. Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999). Though it did not explicitly reject those holdings, the Eleventh Circuit did express concern over applying them, stating that "significant issues arise as to whether the language of 28 U.S.C. § 2244(b)(3)(A) (requiring an applicant to move in the court of appeals '[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court') is a jurisdictional bar mandating dismissal, or only a condition precedent." Id. As such, the Court finds the best course of action in this case is to dismiss Soto-Herrera's motion without prejudice so that he may seek authorization from the Eleventh Circuit, rather than transfer it directly to the circuit court as in Lindsey.

7

attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion...." Thus, the district court necessarily made a merits determination in deciding Mr. Lindsey's § 2255 motion without a hearing.

The second type of Rule 60(b) argument that does not require authorization is a challenge to "a defect in the integrity of the federal habeas proceeding, *provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition*." Spitznas, 464 F.3d at 1216 (emphasis added). But Mr. Lindsey's Rule 60(b) motion does lead inextricably to a merits-based attack on the dismissal of the § 2255 motion. The decision not to hold an evidentiary hearing essentially is the equivalent of a dismissal for failure to state a claim or a summary judgment, because the district court has concluded that the record does not entitle the prisoner to relief; either the prisoner has failed even to allege facts on which relief could be predicated, or the record conclusively contradicts the prisoner's allegations. Thus, there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination. It follows that, to argue that the court erred in denying an evidentiary hearing on a § 2255 motion, the prisoner generally has to be attacking the district court's analysis of the merits.

The arguments in Mr. Lindsey's Rule 60(b) motion were "effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez, 545 U.S. at 532, 125 S. Ct. 2641. The district court did not err in concluding that the claims required authorization under § 2255(h) and in transferring the motion to this court.

Id. at 1175-76 (footnote omitted).[5] [6]

The Ninth Circuit reached a conclusion similar to that in Lindsey approximately

---

[5] The Tenth Circuit did temper its holding by stating: "This is not to say that a Rule 60(b) motion claiming an erroneous denial of an evidentiary hearing in a § 2255 or § 2254 proceeding must always receive circuit authorization to proceed. There may be some circumstances in which a request for an evidentiary hearing is not a disguised attack on the merits." Lindsey, 582 F.3d at 1176 n.1. However, as discussed *infra*, the Court finds that Soto-Herrera's Rule 60(b) motion is sufficiently similar to that determined in Lindsey to be "a disguised attack on the merits."

[6] The Southern District of New York has also found the reasoning in Lindsey to be persuasive. See Rivera v. United States, Nos. 89 CRIM. 346(LAP), 94 Civ. 951(LAP), 2012 WL 1887133, at *2 (S.D.N.Y. May 21, 2012) ("Finally, Petitioner's allegation that 'the Court erroneously den[ied] Petitioner an evidentiary hearing' . . . fails because it is not an attack on the integrity of the prior habeas proceeding. Instead, Petitioner merely attempts to tie this claim to his procedurally improper attack on the merits of his underlying criminal conviction. See [United States v. Espinal, No. 91 Crim. 310, 2010 WL 23168, at *1 n.2 (S.D.N.Y. Jan. 5, 2010)]; see also In re Lindsey, 582 F.3d 1173, 1175 (10th Cir. 2009).").

two years later. See Washington, 653 F.3d at 1064 ("Washington's argument that Judge Tevrizian mishandled the § 2255 motion because he[, *inter alia*,] declined to conduct an evidentiary hearing on Washington's actual innocence claim[] does not constitute an allegation of a defect in the integrity of the proceedings; rather, such arguments are merely asking 'for a second chance to have the merits determined favorably,' Gonzalez, 545 U.S. at 532 n.5, 125 S. Ct. 2641, and are precisely the sort of attack on 'the federal court's previous resolution of a claim on the merits,' id. at 532, 125 S. Ct. 2641 (emphasis omitted), that Gonzalez characterized as a 'claim' which is outside the scope of Rule 60(b). Accordingly, we conclude that Washington's attack on Judge Tevrizian's handling of his case is a disguised § 2255 motion.").

In this action, the Court denied Soto-Herrera relief as to his plea advice claim as follows:

> . . . Petitioner makes no assertion that he would have accepted the government's plea offer or provided assistance to the government, including testifying against his brothers, which would have entitled him to sentencing concessions. Consequently, Petitioner has not established prejudice with respect to his counsel's advice. "He does not allege that but for his attorney's alleged errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty . . . Given [Petitioner's] awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991).

(Doc. 368 at 3-4; Doc. 389 at 24-25).

After disposing of Soto-Herrera's other claims as well, the Court denied his first § 2255 petition and then ruled that, "[a]ccordingly, Petitioner's request for an evidentiary hearing is also DENIED." (Doc. 368 at 10). This ruling clearly reflects a decision to deny an evidentiary hearing on the plea advice claim that "was the *result* of a merits

9

determination" – that is, the "conclu[sion] that the record d[id] not entitle the prisoner to relief[ because] the prisoner has failed even to allege facts on which relief could be predicated." Lindsey, 582 F.3d at 1175. Admittedly, this determination as to Soto-Herrera's entitlement to an evidentiary hearing is not as explicit as that made by the district court in Lindsey, which "had specifically found that [Lindsey]'s § 2255 motion should be denied without an evidentiary hearing because the record conclusively shows that defendant is not entitled to relief on his claims[.]" 582 F.3d at 1174 (quotation marks omitted). However, the Court finds that this distinction does not preclude the application of Lindsey's rationale in this case and that the record adequately reflects that the decision to deny an evidentiary hearing was ultimately based on the merits of Soto-Herrera's plea advice claim.

### III. Conclusion

Based on the above analysis, the Court finds that Soto-Herrera's Rule 60(b) motion is in fact a successive habeas petition under Gonzalez. Because Soto-Herrera has not obtained authorization to bring it pursuant to § 2255(h), the Court lacks subject matter jurisdiction to consider its merits. Accordingly, it is **ORDERED** that Petitioner Soto-Herrera's "Motion for Relief of Judgment Pursuant to F.R.Civ.P., Rule 60(b)" (Doc. 389) is **DISMISSED without prejudice**.

The Clerk is **DIRECTED** to mail a copy of this Order to Soto-Herrera at the address from which his motion was sent. (See Doc. 389 at 29).

**DONE** and **ORDERED** this the **26th** day of **April 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**