IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| MANUEL SOTO-HERRERA, | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 95-00079-KD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the "Motion for Reconsideration Pursuant to Fed.R.Civ.P., Rule 59(e)" (Doc. 391) filed by Petitioner Manuel C. Soto-Herrera ("Soto-Herrera"), a federal prisoner proceeding *pro se*. Upon consideration, and for the reasons stated herein, Soto-Herrera's motion is due to be **DENIED**.

Soto-Herrera requests that the Court alter or amend its Order (Doc. 390) entered April 26, 2013 (Doc. 390), which dismissed without prejudice his prior "Motion for Relief from Judgment" (Doc. 389), contenting that the Court erred in finding, pursuant to Gonzalez v. Crosby, 545 U.S. 524 (2005), that the motion was not a true motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure but was actually a successive habeas petition subject to the preclearance requirements of 28 U.S.C. § 2255(h). Soto-Herrera presents two arguments in support of this contention: 1) Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), "have clearly exposed the defect in the original habeas proceedings in this case," namely "that the Court's erroneous interpretation of the prejudice prong under Strickland . . . so infected the habeas proceedings that its integrity is defective and thus open to attack pursuant to Rule 60(b)"[1] (Doc. 391 at 2), and 2) the Court's failure to hold an

---
[1] With regard to this argument, the Court notes that § 2255(h)(2) provides: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to

evidentiary hearing on his claim of ineffective assistance of counsel as to plea advice constituted a defect in the integrity of his habeas proceeding (id. at 4).

Soto-Herrera's motion is timely under Rule 59(e), as the Court received it on May 16, 2013, see Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"), but the Court finds that it affords him no relief. " 'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.' " Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). Soto-Herrera's motion establishes neither of these grounds; rather, it merely reiterates arguments already made in his previous motion to support his contention that it was a "true" Rule 60(b) motion, which the Court rejected. " '[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).[2]

---

contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

[2] Though the Eleventh Circuit has not directly addressed the issue, both this district and other circuits have held that the Gonzalez framework applies to Rule 59(e) motions in habeas proceedings. See Williams v. Thaler, 602 F.3d 291, 302-03 (5th Cir. 2010) ("[T]he Fourth, Eighth, and Tenth Circuits have, either explicitly or implicitly, extended the Gonzalez framework to other post-judgment motions, including motions to alter or amend a judgment under Rule 59(e) . . . Keeping in mind AEDPA's basic premises-avoiding piecemeal litigation and encouraging petitioners to bring all their substantive claims in a single filing-we believe that Rule 59(e) gives rise to concerns similar to those the Supreme Court addressed in Gonzalez . . ." (collecting cases)); Madison v. Allen, Civ. A. No. 1:09-00009-KD, 2011 WL 1545103, at *2 (S.D. Ala. Apr. 25, 2011) (DuBose, J.) ("[T]he 'jurisdictional prohibition on Rule 60(b) motions in the habeas context applies with equal force to Rule 59(e) motions.' " (quoting Aird v. United States, 339 F. Supp. 2d 1305, 1311 (S.D. Ala.2004) (Steele, J.))). But see Howard v. United States, 533 F.3d 472, 474 (6th Cir. 2008) ("Even though Howard's Rule 59(e) motion raised a new ground for habeas relief, it was not a second motion to vacate sentence . . . This conclusion is supported by the reasoning of the Seventh Circuit, which distinguished between Rule 59(e) and Rule 60(b) motions, and reasoned that Rule 59(e) motions are not subject to the statutory limitations placed on successive collateral attacks on criminal judgments . . ." (citing Curry v. United States, 307 F.3d 664, 665 (7th Cir. 2002)); Blystone v.

Accordingly, it is **ORDERED** that Soto-Herrera's "Motion for Reconsideration Pursuant to Fed.R.Civ.P., Rule 59(e)" (Doc. 391) is **DENIED**. The Clerk is **DIRECTED** to mail a copy of this Order to Soto-Herrera at the address from which his motion was sent.

**DONE** and **ORDERED** this the **4**[th] day of **June 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

Horn, 664 F.3d 397, 414 (3d Cir. 2011) ("[W]e now join the Court of Appeals for the Sixth Circuit in holding that a timely Rule 59(e) motion to amend or alter a judgment is not a second or successive petition, whether or not it advances a claim, and therefore such a motion lies outside the reach of the jurisdictional limitations that AEDPA imposes upon multiple collateral attacks." (finding persuasive the reasoning in Howard and rejecting that of the Fifth Circuit in Williams)). However, the Eleventh Circuit "has upheld district court jurisdiction to decide a Rule 59(e) *habeas* motion even where the motion attacked a previous Rule 60(b) motion that was properly deemed successive." Thomas v. Owens, Civ. A. No. 5:08-CV-414 CAR, 2009 WL 3747162, at *2 n.1 (M.D. Ga. Nov. 4, 2009) (citing Holt v. United States, 249 F. App'x 753, 757 (11th Cir. 2007) (without addressing issue of jurisdiction, finding that district court did not abuse discretion in denying habeas petitioner's Rule 59(e) motion challenging order dismissing petitioner's "Motion to Recall" as a successive habeas petition (dicta)). See also United States v. Pedraza, 466 F.3d 932, 934 (10th Cir. 2006) ("To the extent Mr. Pedraza's Rule 59(e) motion sought recharacterization of his Rule 60(b) motion as a 'true' Rule 60(b) motion, his argument should have been addressed to this court, since the case had been transferred here and the request for authorization was pending. Therefore, the district court properly denied his motion."). As such, the Court finds there is no jurisdictional bar to ruling on Soto-Herrera's Rule 59(e) motion.